IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHN DOE 1, JOHN DOE 2, and JANE §
DOE 1, *individually and on behalf of all others* §
*similarly situated*, §
§
§
Plaintiffs, §
§
§
v. §                                    1:25-CV-1319-RP
§
KROLL RESTRUCTURING §
ADMINISTRATION LLC, §
*f/k/a Prime Clerk LLC*, §
§
§
Defendant. §

**ORDER**

On November 17, 2025, Plaintiffs filed an amended complaint listing John Doe 1, John Doe 2, and Jane Doe 1, individually and on behalf of all others similarly situated, as Plaintiffs in this matter. (Dkt. 16). Before the Court is Plaintiffs' Amended Unopposed Motion to Proceed Under Pseudonyms and for Limited Protective Order to Align Public Redactions with Bankruptcy Court Sealing Orders. (Dkt. 20). After considering the motion, the supporting evidence, and the relevant law, the Court finds that Plaintiffs' motion should be granted in part.

Plaintiffs "seek an order that: (1) authorizes pseudonyms on the public docket; (2) designates PII as Confidential— Customer-Creditor PII (Bankruptcy Protected); (3) requires any filing containing PII to be filed under seal with a redacted public version; and (4) permits disclosure to outside counsel and staff, in-house legal/claims representatives, necessary experts/insurers/vendors, and representatives of the relevant bankruptcy estates (including their counsel and court-approved fiduciaries)." (Am. Mot., Dkt. 20, at 1).

1

## II.  LEGAL STANDARDS

### A.  Plaintiffs Proceeding under Pseudonyms and Seeking a Limited Protective Order

A plaintiff in a civil action may proceed under a pseudonym under exceptional circumstances. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). As a general rule, plaintiffs must disclose their names in the complaint commencing a civil action. *Id.* (citing Fed. R. Civ. P. 10(a)). This rule reflects the "clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property.'" *Stegall*, 653 F.2d at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). There is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 186. "The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* Significant factors may include the minor status or vulnerability of a party, threats of violence or harassment, or a "quintessentially private" matter such as religious belief. *Id.*

Courts have broad discretion to direct discovery, including to protect litigants from harassment and abuse. *J.P Morgan Chase Bank, N.A. v. Data Treas. Corp.*, 936 F.3d 251, 255 (5th Cir. 2019). Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984). The Federal Rules underscore such discretion by explaining that courts may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Accordingly, a court can issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* "When a plaintiff has demonstrated a need for anonymity, the court should use its powers to manage pretrial proceedings under Rule 16(b) and to issue protective orders limiting disclosure of the party's name under Rule 26(c) to preserve the

party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Doe (M.H.) v. G6 Hospitality LLC*, 2022 WL 2532489, at *2 (E.D. Tex. July 7, 2022).

### B.  Sealing Judicial Records

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 597). In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. However, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). In light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689–90 (5th Cir. 2010) (citing *Blain*, 808 F.2d at 399). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

### III.  DISCUSSION

The Court agrees with Plaintiffs that measures are warranted to protect their identities throughout this litigation. This request is unopposed, and the Court finds that Plaintiffs' requests are reasonable for the justifications Plaintiffs cited, including that courts handling related cryptocurrency bankruptcy matters "protected the same customer-creditor PII at issue here by sealing and redacting their names, home addresses, email addresses, and claim/account information to reduce targeted crime risk." (Am. Mot., Dkt. 20, at 2; citing Order, *In re FTX Trading, Ltd.*, No. 22-11068, Dkt. 545 (Bankr. D. Del. Jan. 20, 2023); Order, *In re BlockFi Inc.*, No. 22-19361, Dkt. 1757 (Bankr. D.N.J. Oct.

19, 2023)). Plaintiffs also contend that due to the cybercrime targeting crypto creditors at issue in the instant suit, "Plaintiffs continue to receive malicious communications closely resembling official notices" and "John Doe 2 has an active FBI complaint and fears retaliatory harms if his identity does not remain confidential." (Am. Mot., Dkt. 20, at 3).

The Court finds there is a low risk of prejudice to Defendant of allowing Plaintiffs to proceed anonymously because Plaintiffs have agreed to reveal their identities for purposes of investigating their claims. In addition, the public interest in the openness of the judicial process is not threatened where, as here, the basic facts of the case will be on public record and there is nothing about Plaintiffs' identities which are critical to the public's understanding of this case. Accordingly, there is good cause to allow Plaintiffs to proceed under pseudonyms in pretrial filings in this action, and a protective order to protect Plaintiffs' identities is warranted.

The Court only resolves the issue of Plaintiffs proceeding anonymously in pretrial filings. If Plaintiffs later seek to proceed pseudonymously at a hearing in front of the Court or at trial, the Court will address that issue when necessary. Therefore, Plaintiff's request that Court reporters shall use pseudonyms in any public transcript, (Am. Mot., Dkt. 20, at 6), shall be denied pending further consideration by the Court.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' Amended Unopposed Motion to Proceed Under Pseudonyms and for Limited Protective Order to Align Public Redactions with Bankruptcy Court Sealing Orders, (Dkt. 20), is **GRANTED IN PART** as set forth below and **DENIED IN PART** as to all other relief requested.

**IT IS FURTHER ORDERED** that:

1.  Plaintiffs may proceed under pseudonyms (John Doe 1, John Doe 2, and Jane Doe 1) in all public filings. The parties shall refer to Plaintiffs by pseudonyms in public submissions unless otherwise ordered.

2.  In lieu of filing a sealed schedule of names at this time, Plaintiffs have served on Defendant's counsel a Schedule A listing Plaintiffs' full legal names and personal contact information, designated "Confidential—Customer-Creditor PII (Bankruptcy Protected)." Plaintiffs shall file that Schedule A under seal, consistent with Federal Rule of Civil Procedure 5.2.

3.  Public filings shall not include Plaintiffs' names, home addresses, email addresses, or claim/account identifiers. Any document including such PII shall be filed under seal and served on counsel of record, consistent with Federal Rule of Civil Procedure 5.2. If a filing is a motion or briefing for a motion, the parties must file also a redacted version on the public docket.

4.  The Clerk of Court shall (i) update the public caption and CM/ECF party text so that the previously named Plaintiff appears as "John Doe 1" on the docket going forward; (ii) seal previously filed docket entries (Dkts. 1–15) that contain that Plaintiff's name; (iii) update the "DEMAND for Trial by Jury" entry from August 19, 2025 so that the previously named Plaintiff appears as "John Doe 1;" and (iv) update certain docket entries (Dkts. 4, 6, 15, 16–19, and 20) so that the previously named Plaintiff appears as "John Doe 1."

5.  Plaintiffs' true identities and personal contact information are "Confidential— Customer-Creditor PII (Bankruptcy Protected)," may be used solely for this litigation, and may be disclosed only to the Court and its personnel, counsel of record and

necessary staff, retained experts/consultants/vendors, and bankruptcy court professionals, absent further order.

6. Pending further order, the parties shall comply with this Order on an interim basis.

7. Nothing in this Order constitutes an admission regarding relevance, discoverability, or admissibility, or waives any privilege, protection, or defense. Defendant's unopposed position reflects only its stance on the amended motion.

**SIGNED** on November 25, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

6