**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, and JANE DOE 1, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| KROLL RESTRUCTURING ADMINISTRATION LLC (f/k/a Prime Clerk LLC), | ) ) ) ) ) |
| Defendant. | ) ) ) |

Case No.: 1:25-cv-01319-RP

## PLAINTIFFS' BRIEF ADDRESSING SUBJECT MATTER JURISDICTION

### INTRODUCTION

Plaintiffs file this brief in response to the Court's May 11, 2026 Order directing Plaintiffs to address the subject matter jurisdiction questions identified by the Court and to clarify which causes of action arise under federal law. Dkt. 43. The matters identified in the Order are pleading clarifications that confirm jurisdiction; they do not require dismissal.

First, Plaintiffs clarify that all three Representative Plaintiffs—John Doe 1, John Doe 2, and Jane Doe 1—are citizens of Texas. Each was domiciled in Texas when this action was filed. Additionally, each was domiciled in Texas when Plaintiffs filed the First Amended Class Action Complaint ("FAC") and remains domiciled in Texas. Each had a present intention to remain in Texas indefinitely and make it their domicile when this action was filed. The FAC's references to Texas residency should be read and, if necessary, amended as allegations of Texas citizenship and domicile.

1

Second, Plaintiffs clarify Kroll Restructuring Administration LLC's citizenship based on communications with Defendant's counsel pursuant to the Court's Order. As explained below in Section I.B, Kroll has confirmed the relevant LLC membership and ownership structure through which Defendant's citizenship is traced. That confirmed structure establishes that Defendant is a citizen of Delaware and New York, not Texas. Accordingly, Defendant's citizenship does not defeat complete diversity.

Third, the Court independently has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This case is a putative class action involving far more than 100 proposed class members, an aggregate amount in controversy exceeding $5,000,000 exclusive of interest and costs, and minimal diversity between Texas-citizen Plaintiffs and Defendant, a citizen of Delaware and New York. CAFA only requires "minimal diversity," *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014), and so its requirements for subject matter jurisdiction are met here.

Fourth, in response to the Court's request for clarification of federal-law claims, Plaintiffs clarify that Count V for breach of fiduciary duty is the count pleaded as arising under federal law, or necessarily presenting substantial federal issues, to the extent it is based on Kroll's duties as a federal bankruptcy-court-appointed claims and noticing agent and administrative advisor under 28 U.S.C. § 156(c), 11 U.S.C. § 327, federal bankruptcy rules, and orders from bankruptcy courts requiring sealing, redaction, and providing notice to creditors. Count VII seeks declaratory and injunctive relief tethered to those same federal duties and to the same nucleus of facts. Counts I–IV and VI are common-law claims within CAFA jurisdiction and, alternatively, within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

Because CAFA independently supplies original jurisdiction over the entire putative class action, the Court need not decide at this stage whether every federal aspect of Counts V and VII also supports jurisdiction under 28 U.S.C. § 1331. Plaintiffs nevertheless provide that clarification. Plaintiffs also request leave under 28 U.S.C. § 1653 and Federal Rule of Civil Procedure 15 to conform the FAC's jurisdictional allegations to the clarifications below if the Court deems an amended pleading necessary.

**LEGAL STANDARD**

The party invoking federal jurisdiction bears the burden of establishing it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). But defective jurisdictional allegations may be corrected. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). The Fifth Circuit recognizes that § 1653 permits amendment to correct technical pleading defects in jurisdictional allegations, including insufficient allegations of citizenship. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

**ARGUMENT**

**I.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.**

First, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists. *See* 28 U.S.C. § 1332(a)(1). Second, this Court has subject matter jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2).

**A.    Plaintiffs' Citizenship**

For individuals, citizenship is determined by domicile, meaning physical presence in a state coupled with intent to remain there. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). The Court

3

correctly noted that alleging residency alone is insufficient. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). Plaintiffs therefore clarify citizenship, not merely residence.

Plaintiffs clarify that John Doe 1, John Doe 2, and Jane Doe 1 are citizens of Texas. Each was domiciled in Texas when this action was filed and when the FAC was filed, and each remains domiciled in Texas. Plaintiffs therefore propose that paragraphs 4 through 6 of the FAC be deemed clarified or amended as follows:

4.    Plaintiff John Doe 1 is a citizen of Texas and is domiciled in Texas. He is an FTX scheduled creditor.

5.    Plaintiff John Doe 2 is a citizen of Texas and is domiciled in Texas. He is a BlockFi scheduled creditor.

6.    Plaintiff Jane Doe 1 is a citizen of Texas and is domiciled in Texas. She is an FTX scheduled creditor.

Those clarifications cure the distinction the Order identified between residency and citizenship.

### B.    Kroll's Citizenship

For an LLC, citizenship is determined by the citizenship of all members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). If an LLC's member is another unincorporated association, citizenship must be traced through each layer. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536–37 (5th Cir. 2017). If the member is a corporation, the corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

The FAC alleged that "Defendant Kroll is a Delaware LLC headquartered in New York, New York with offices in Texas." Dkt. 16 ¶ 7. Plaintiffs now clarify Defendant's LLC member citizenship based on communications with Kroll's counsel pursuant to the Court's order:

4

Kroll Restructuring Administration LLC is a wholly owned subsidiary of Prime Clerk MidCo Holdings LLC, which is its sole member. Prime Clerk MidCo Holdings LLC is a wholly owned subsidiary of Prime Clerk Holdings LLC, which is its sole member. Prime Clerk Holdings LLC is a wholly owned subsidiary of Prime Clerk HoldCo Inc., its sole member, which is wholly owned by Kroll, LLC. All of the aforementioned entities are registered in Delaware with headquarters in New York, New York.

Kroll, LLC, is a wholly owned subsidiary of Deerfield Dakota Holding, LLC, its sole member, which is a wholly owned subsidiary of Duff & Phelps Holding Corporation, which is owned by Kroll Midco Corporation. Kroll Midco Corporation is a wholly owned subsidiary of Delta Buyer, Inc., which is a wholly owned subsidiary of Delta Parent Holdings, Inc. No publicly held corporation owns 10% or more of Delta Parent Holdings, Inc., nor does Delta Parent Holdings, Inc. have any parent corporation. All of the aforementioned entities are registered in Delaware with headquarters in New York, New York.

Plaintiffs therefore propose that paragraph 7 of the FAC be deemed clarified or amended as follows:

7. Defendant Kroll Restructuring Administration LLC f/k/a Prime Clerk LLC is a Delaware limited liability company. Its sole member is Prime Clerk MidCo Holdings LLC, whose sole member is Prime Clerk Holdings LLC, whose sole member is Prime Clerk HoldCo Inc. Prime Clerk HoldCo Inc. is wholly owned by Kroll, LLC. Kroll, LLC's sole member is Deerfield Dakota Holding, LLC, which is wholly owned by Duff & Phelps Holding Corporation. Duff & Phelps Holding Corporation is owned by Kroll Midco Corporation, which is wholly owned by Delta Buyer, Inc., which in turn is wholly owned by Delta Parent Holdings, Inc. Each entity in Defendant's confirmed ownership chain is registered or incorporated in Delaware, as applicable, and headquartered or has its principal place of business in New York, New York. Defendant is therefore a citizen of Delaware and New York, not a citizen of Texas. Defendant serves as claims and noticing agent under 28 U.S.C. § 156(c) and as administrative advisor under 11 U.S.C. § 327 in the FTX, BlockFi, and Genesis Chapter 11 Cases.

**C.    This Court Has Subject Matter Jurisdiction Under CAFA**

The Court has original jurisdiction under CAFA, 28 U.S.C. § 1332(d). CAFA gives district courts original jurisdiction over class actions in which any class member is a citizen of a state different from any defendant, the proposed class contains more than 100 members, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6). CAFA requires only minimal diversity, not complete diversity. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014); *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337 (5th Cir. 2016).

First, minimal diversity exists. The Representative Plaintiffs are Texas citizens. Defendant is a citizen of Delaware and New York. Thus, at least one member of the proposed plaintiff class is a citizen of a state different from Defendant. 28 U.S.C. § 1332(d)(2)(A).

Second, the proposed class exceeds 100 members. The FAC alleges a Nationwide Security Incident Exposure Class consisting of all natural-person customers/creditors whose PII in Kroll's custody for the FTX and/or BlockFi Chapter 11 Cases was exposed or accessed in or after the August 19, 2023 Security Incident, as well as a Targeted Attack/Phishing Damages Subclass and Bankruptcy Process Loss Subclass. Dkt. 16 ¶¶ 37–39. The FAC further alleges that class members number "in the hundreds of thousands, if not millions." *Id.* ¶ 41. That satisfies CAFA's numerosity threshold. 28 U.S.C. § 1332(d)(5)(B).

Third, the aggregate amount in controversy exceeds $5,000,000. The FAC expressly alleges that the amount in controversy for the class exceeds $5,000,000 exclusive of interest and costs. Dkt. 16 ¶ 8. The pleaded injuries include exposure and loss of control of PII, out-of-pocket mitigation costs, time spent responding, targeted phishing and wallet-drain losses, bankruptcy-process losses, expungements/forfeitures, distribution delays, time-value losses, and the cost of requested injunctive relief. *Id.* ¶¶ 2–3, 83, 118–24. One named Plaintiff alone alleges an

approximately $300,000 wallet drain. *Id.* ¶ 5. Aggregated across the nationwide classes and subclasses, the amount in controversy exceeds CAFA's threshold. 28 U.S.C. § 1332(d)(6).

CAFA therefore independently supplies subject matter jurisdiction. Because CAFA is an original jurisdiction statute, the Court need not rely on complete diversity or federal-question jurisdiction to retain this action.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' FEDERAL LAW CLAIMS AND SUPPLEMENTAL JURISDICTION OVER THEIR REMAINING CLAIMS.

The Order also asks Plaintiffs to clarify which causes of action arise under federal law. Plaintiffs clarify as follows.

### A. Count V Arises Under Federal Law or Necessarily Raises Substantial Federal Issues to the Extent It Is Based on Kroll's Federal Bankruptcy Appointments and Duties.

Count V, breach of fiduciary duty, is the count Plaintiffs plead as arising under federal law or necessarily presenting substantial federal issues. The FAC alleges that Kroll acted as a court-approved administrative advisor under 11 U.S.C. § 327 and as claims and noticing agent under 28 U.S.C. § 156(c). Dkt. 16 ¶¶ 11–18, 96–100. The duties pleaded in Count V arise from Kroll's federal bankruptcy-court appointments, its court-approved undertaking to administer claims and notice functions, federal bankruptcy rules and sealing/redaction orders, and federal due-process notice requirements governing notice to known creditors. *Id.* ¶¶ 96–110.

A claim arises under federal law when federal law creates the cause of action, or when a pleaded claim necessarily raises a federal issue that is actually disputed, substantial, and capable of resolution in federal court without disrupting the federal–state balance. *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). Count V satisfies that standard at least as pleaded because the existence, scope, and breach of Kroll's fiduciary duties

turn on Kroll's role as a federal bankruptcy court-appointed professional and agent for noticing and claims administration; federal bankruptcy-court orders governing the sealing and redaction of creditor PII; and federal notice obligations under the Bankruptcy Code, Bankruptcy Rules, and due process.

The same allegations also support bankruptcy jurisdiction under 28 U.S.C. § 1334(b), which gives district courts original jurisdiction over civil proceedings arising under title 11, arising in cases under title 11, or related to cases under title 11. Proceedings "arising in" bankruptcy are those that, while not necessarily created by the Bankruptcy Code, would have no practical existence outside bankruptcy. *Matter of Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987). The Fifth Circuit has held that claims against court-appointed bankruptcy professionals for work performed in a bankruptcy case can fall within bankruptcy jurisdiction because they are inseparable from the bankruptcy context. *In re Southmark Corp.*, 163 F.3d 925, 930–31 (5th Cir. 1999). Count V concerns duties arising from Kroll's federal bankruptcy appointments and court-supervised claims/noticing functions and therefore also falls within § 1334(b). Plaintiffs request leave to add § 1334(b) expressly to the FAC's jurisdictional paragraph if the Court deems that clarification necessary.

## B.      Count VII Seeks Relief Tethered to the Same Federal Duties.

Count VII seeks declaratory and injunctive relief requiring Kroll-funded measures to restore notice integrity, including USPS backstops, authenticity cues, spoofing controls, translations, help-desk service-level commitments, portal audit/restoration paths, rights-preservation notices, governance reporting, and cost allocation. Dkt. 16 ¶¶ 122–25. Plaintiffs clarify that Count VII is not a standalone jurisdictional source. The Declaratory Judgment Act and equitable remedies do not by themselves create federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950).

Rather, Count VII is tethered to Count V's federal duties and to the same facts supporting CAFA jurisdiction. To the extent Count VII seeks prospective relief governing Kroll's performance of federally appointed claims/noticing and administrative-advisor functions, it arises from the same federal bankruptcy duties and substantial federal issues discussed above. To the extent Count VII is remedial relief for the common-law claims, it is within CAFA jurisdiction and supplemental jurisdiction.

### C.    The Court May Exercise Supplemental Jurisdiction Over Counts I–IV and VI.

Plaintiffs clarify that Counts I–IV and VI are common-law claims and are not pleaded as independent federal statutory causes of action: Count I is willful misconduct/recklessness; Count II is gross negligence; Count III is negligence; Count IV is negligent undertaking; and Count VI is breach of implied contract. Those counts arise from the same Security Incident, post-incident notice and portal failures, Kroll-controlled claimant data, and bankruptcy-administration workflows pleaded throughout the FAC. They are therefore state law claims.

As above, the Court has jurisdiction over Counts I–IV and VI because there is complete diversity between the parties and Plaintiffs' action is nevertheless subject to CAFA's original jurisdiction. Alternatively, within supplemental jurisdiction because they form part of the same case or controversy as the federal aspects of Counts V and VII. 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

This clarification does not narrow Plaintiffs' position that federal law is deeply implicated throughout the case. Plaintiffs simply identify Count V and the federal-duty components of Count VII as the causes of action on which Plaintiffs rely for any § 1331 or § 1334 federal-law jurisdiction, while making clear that CAFA independently supplies original jurisdiction over the entire class action.

## III.    PROPOSED CLARIFIED JURISDICTIONAL ALLEGATION

For clarity and to conform the pleading to the facts stated above, Plaintiffs request that the Court deem the FAC's jurisdictional paragraph clarified or allow Plaintiffs to amend paragraph 8 as follows:

8.    This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a proposed class action in which the proposed classes exceed 100 members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and at least one class member is a citizen of a state different from Defendant. Plaintiffs John Doe 1, John Doe 2, and Jane Doe 1 are citizens of Texas. Defendant Kroll Restructuring Administration LLC is a citizen of Delaware and New York. The Court also has federal-question jurisdiction under 28 U.S.C. § 1331 as to Count V and the federal-duty components of Count VII, and bankruptcy jurisdiction under 28 U.S.C. § 1334(b) to the extent the claims arise under title 11, arise in the FTX, BlockFi, and Genesis Chapter 11 Cases, or relate to those cases. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all claims arising from the same case or controversy.

Section 1653 permits this correction of defective jurisdictional allegations, and the clarified allegations confirm that subject matter jurisdiction existed when Plaintiffs filed this action and when Plaintiffs filed the FAC.

## CONCLUSION

Plaintiffs respectfully submit that the jurisdictional issues identified by the Court have been cured by clarification. The Representative Plaintiffs are citizens of Texas. Defendant is a citizen of Delaware and New York. Not only is there complete diversity, but CAFA jurisdiction exists because the proposed class exceeds 100 members, the aggregate amount in controversy exceeds $5,000,000, and minimal diversity exists.

Independently, Count V and the federal-duty components of Count VII arise under federal law or necessarily present substantial federal issues. Moreover, this Court may exercise supplemental jurisdiction over Counts I–IV and VI.

Plaintiffs therefore request that the Court find subject matter jurisdiction has been adequately established and, to the extent necessary, grant leave to amend under 28 U.S.C. § 1653 and Rule 15 to conform the FAC to the clarified allegations above.

Dated: May 22, 2026

Respectfully submitted,

HALL ATTORNEYS, P.C.

By: */s/ Nicholas Andrew Hall*
Nicholas Andrew Hall
State Bar No. 24069863
nhall@hallattorneys.com
P.O. Box 1370
Edna, Texas 77957
Tel.: 713-428-8967

Renner K. Walker (*admitted pro hac vice*)
HAUSFELD LLP
33 Whitehall St., 14th Floor
New York, NY 10004
Tel.: 646-357-1100
rwalker@hausfeld.com

James J. Pizzirusso (*admitted pro hac vice*)
HAUSFELD LLP
1200 17th Street N.W., Suite 600
Washington, DC 20036
Tel: 202-540-7200
jpizzirusso@hausfeld.com

*ATTORNEYS FOR PLAINTIFFS AND PUTATIVE CLASSES*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 22, 2026, a true and correct copy of the foregoing document was served via the CM/ECF system, which sent notification of such filing to all counsel of record.

By: */s/ Nicholas Andrew Hall*
Nicholas Andrew Hall