**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JOHN DOE 1, JOHN DOE 2, and JANE DOE 1, individually and on behalf of all others similarly situated, | § § § § § § § | |
| Plaintiffs, | § § | Case No. 1:25-cv-01319-RP |
| v. | § § § | |
| KROLL RESTRUCTURING ADMINISTRATION LLC (f/k/a Prime Clerk LLC), | § § § § | |
| Defendant. | § § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(F) REPORT**

The parties submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f), Local

Rule CV-16, and Appendix N to the Local Rules of the Western District of Texas.[1]

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff's Response:

Plaintiffs contend that this is a putative class action arising from two related categories of alleged conduct by Kroll in connection with the FTX, BlockFi, and Genesis bankruptcy matters: (1) the August 2023 Security Incident, in which a SIM swap of a Kroll employee's mobile number allegedly enabled unauthorized access to claimant files containing personally identifiable information ("PII"); and (2) Kroll's alleged post-incident administration and communications failures, including continued reliance on a contaminated email channel and fragile portal workflows for rights-critical notice amid active impersonation of Kroll/estate communications. Plaintiffs allege resulting harms including Security Incident exposure harms, phishing and targeted attack losses, and bankruptcy process harms.

---

[1] In submitting this joint report, Kroll hereby preserves it motion to compel arbitration which is pending and in no way waives its right to arbitration.

i.    **Negligence / Gross Negligence**

- Duty: Kroll owed Plaintiffs and the Class a duty to implement and maintain reasonable and industry-standard administrative, physical, and technical safeguards to protect the PII it collected and held in connection with the bankruptcy noticing and claims processes. Kroll also owed a duty to advise notice changes through channels that were reasonably calculated to reach creditors during and after the data breach, including through methods other than email.

- Breach: Kroll allegedly failed to implement and maintain such safeguards; failed to design, maintain, and test its systems appropriately; failed to protect against reasonably foreseeable threats such as SIM-swap attacks and phishing; and failed to timely detect and contain the breach. Kroll also failed to notice the court and/or advise debtors to amend the noticing order and/or provide noticing materials through channels other than email, which made it difficult to creditors to safely make claims and respond to rights-critical notices in light of the document phishing risks.

- Causation: Kroll's acts and omissions allegedly allowed criminals to access Plaintiffs' PII and target them with phishing and other frauds. Kroll's acts and omissions also caused creditors not to receive rights-critical notices, leading to delays in distributions and/or wrongful expungement of creditor claims.

- Injury/Damages: Plaintiffs allege out-of-pocket losses, loss of time, heightened risk of identity theft and fraud, loss of value of their PII, invasion of privacy, and other damages. Plaintiffs also alleged that Kroll's data breach caused them not to receive rights-critical notices, leading to delays in distributions and/or wrongful expungement, forfeiture, or loss of claims.

ii.    **Negligence Per Se**

- Plaintiffs allege that Kroll's conduct violated federal and/or state statutes and regulations designed to protect the privacy and security of personal information, and that those violations constitute negligence per se as to the Class members whose PII was compromised.

iii.    **Invasion of Privacy / Intrusion Upon Seclusion / Public Disclosure of Private Facts (state-law privacy torts)**

- Plaintiffs allege that Kroll's failure to safeguard and its disclosure of Plaintiffs' PII to unauthorized third parties constitutes an actionable invasion of privacy under applicable state law theories.

iv.    **Breach of Confidence / Breach of Implied Contract**

- Plaintiffs allege an implied contract and/or confidential relationship arose when Plaintiffs and Class members provided their PII in the course of participating in the bankruptcy cases with the understanding that Kroll, as the court-approved agent,

would protect that information and use it only for legitimate bankruptcy-administration purposes.

- Kroll allegedly breached those obligations by failing to protect the information and by allowing it to be exposed in the data breach and related phishing schemes.

### v. Statutory Consumer-Protection / Unfair and Deceptive Acts and Practices ("UDAP") Claims

- Plaintiffs allege that Kroll engaged in unfair and/or deceptive acts or practices, including misrepresentations and omissions regarding the nature and adequacy of its data-security practices and its handling of Plaintiffs' PII, in violation of various states' consumer-protection statutes.

- Elements as pled include: (a) a deceptive or unfair act or practice; (b) occurring in trade or commerce; (c) causation; and (d) resulting damages or ascertainable loss to Plaintiffs and Class members.

### vi. Unjust Enrichment / Restitution

- Plaintiffs allege that Kroll was unjustly enriched by receiving compensation (including court-approved fees) while purportedly failing to maintain appropriate data-security measures and while shifting the risk and costs of its security failures to Plaintiffs and Class members.

### vii. Declaratory and Injunctive Relief

- Plaintiffs seek declaratory and injunctive relief, including orders requiring Kroll to implement and maintain reasonable security measures; submit to third-party security audits; provide ongoing credit-monitoring and identity-theft protection; and comply with applicable privacy and data-security obligations going forward.

### viii. Class Relief under Federal Rule of Civil Procedure 23

- Plaintiffs allege that this case satisfies Rule 23(a) and 23(b)(2) and/or 23(b)(3) requirements and seek to represent nationwide and/or state subclasses arising out of the Kroll breach in the FTX, BlockFi, and Genesis bankruptcy matters.

Arbitration: Kroll has moved to compel John Doe 1 and Jane Doe 1 to arbitrate their claims but has not moved to compel arbitration as to John Doe 2. The Court should deny Kroll's motion to compel arbitration as to John Doe 1 and Jane Doe 1 because, as the *FTX* Bankruptcy Court's agent for claims administration, Kroll could only take actions authorized by the *FTX* Bankruptcy Court and Kroll has admitted that it "does not execute independent judgment" as the claims administration agent. In its Bar Date Order, the *FTX* Bankruptcy Court did not approve any version of Kroll's online claims portal that included an arbitration provision. Additionally, Kroll's arbitration provision was presented in an ineffective sign-in wrap agreement, and claims portal users were not given reasonably conspicuous notice of the

arbitration provision and so users could not unambiguously manifest their assent. Therefore, John Doe 1 and Jane Doe 1 did not enter into any agreement to arbitrate their claims.

Standing: Plaintiffs have standing because Kroll's failure to take industry-standard measures to prevent a data breach of highly sensitive information regarding cryptocurrency holders led to a predicable wave of sophisticated phishing and spoofing attacks that resulted in drained cryptocurrency wallets. For example, John Doe 2 lost $300,000 in cryptocurrency. Likewise, the data breach and ensuing spoofing and phishing attacks led many creditors not to receive rights-critical notices from Kroll. For example, Plaintiff Jane Doe 1 lost her bankruptcy claim and distribution rights when she did not receive rights-critical notices in a compromised environment and her claim was expunged. These are concrete injuries in fact, and they are fairly traceable to Kroll's negligence—especially so at this stage where the Court must take Plaintiffs' allegations as true and view them in the light most favorable to Plaintiffs. Kroll's arguments about malicious third-party actors are, at most, a question of fact that must be resolved in Plaintiffs' favor on a motion to dismiss.

Kroll's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6): Kroll's motion to dismiss under Rule 12(b)(6) should be denied. First, the limitation of liability clause in Kroll's Terms of Use is an affirmative defense not appearing on the face of Plaintiffs' complaint and cannot serve as the basis for dismissal under Rule 12(b)(6). And like Kroll's arbitration provision, the *FTX* Bankruptcy Court did not authorize Kroll to require creditors to agree to a limitation of liability. Beyond that affirmative defense, Kroll's Rule 12(b)(6) motion fails. Plaintiffs plead that Kroll had a duty to safeguard their data when it accepted a role in the bankruptcy claims administration process and was entrusted with sealed and redacted creditor private information, which created a foreseeable risk of harm that Kroll bore a duty to avoid through ordinary care. Moreover, Plaintiffs plead that Kroll breached its duty to protect creditor information and that Kroll's failure proximately caused their damages. Likewise, Kroll owed a duty to notice changes through channels that were reasonably calculated to reach creditors during and after the data breach, including through methods other than email; however, it breached that duty and caused creditors not to receive rights-critical notices leading to delays in distributions and/or wrongful expungement of creditor claims. Plaintiffs adequately plead gross negligence, recklessness, and willful misconduct as well as Plaintiffs' breach of fiduciary duty and breach of implied contract claims. Finally, Kroll elevates form over substance when it seeks dismissal of Plaintiffs' injunctive relief claim; even if Kroll is correct that injunctive relief is not an independent request, Plaintiffs have nonetheless pleaded entitlement to injunctive relief.

Class Certification: This case satisfies the Requirements of Rule 23(a) and (b). Plaintiffs will file a Motion for Class Certification at an appropriate time in accordance with any case management order the Court issues in this case.

Defendant's Response:

Arbitration: Plaintiffs John Doe 1 and Jane Doe 1 must be compelled to arbitration. They agreed to arbitrate their dispute with Kroll when they filed claims in the FTX bankruptcy using

Kroll's online form and clicked "I Agree" to Kroll's Terms of Use. Kroll's Terms of Use contain a binding arbitration clause delegating questions of arbitrability to the arbitrator.

Standing: Plaintiffs John Doe 1 and Jane Doe 1 lack standing and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because they do not allege any injury that satisfies the requirements of Article III. Furthermore, their alleged injuries are not traceable to Kroll's conduct as the security incident was caused by a third-party bad actor who deceived a third-party mobile carrier into granting access to a Kroll employee's account. All Plaintiffs lack standing to seek injunctive relief as they have not alleged any ongoing or imminent harm.

Failure to State a Claim: John Doe 1's and Jane Doe 1's claims must be dismissed because Kroll's Terms of Use to which they agreed contain a limitation of liability clause that bars all claims arising out of tort or contract. All Plaintiffs negligence-based claims (Claims I-IV) fail because they have not alleged the source of any duty that Kroll, as claims and noticing agent and administrative advisor for the bankruptcy court, owes them. They also fail to allege how Kroll breached any alleged duty because they do not allege how Kroll failed to perform any of its duties in those roles. Plaintiffs' injury allegations are threadbare and conclusory and are not traceable to any action by Kroll. Plaintiffs' gross negligence claims fail because their allegations are insufficient to establish that Kroll's action objectively involved an extreme degree of risk or that it acted with conscious indifference. Plaintiffs' breach of fiduciary duty claims fail because they do not allege the source or breach of any fiduciary duty. Plaintiffs' breach of implied contract claim fails because they failed to plead any facts supporting communication between the parties necessary to establish a meeting of the minds and have failed to allege any consideration. Finally, Plaintiffs' claims for declaratory judgment and injunctive relief fail because they have not requested a declaration of anything, and injunctive relief is a remedy not a cause of action.

Class Certification: This case does not satisfy the requirements of Rule 23(a) and 23(b)(2) and/or 23(b)(3) and the Plaintiffs cannot represent a nationwide class of FTX and BlockFi bankruptcy claimants.

Kroll notes that no Plaintiff was a claimant in the Genesis bankruptcy and therefore cannot serve as a class representative for claimants in that bankruptcy. Additionally, Kroll only discusses here those claims made in the First Amended Complaint, which is the operative complaint.

## 2. Are there any outstanding jurisdictional issues?

Kroll has moved to dismiss Plaintiffs John Doe 1's and Jane Doe 1's claims under Fed. R. Civ. P. 12(b)(1) asserting that they have not adequately pleaded an Article III injury, nor alleged injuries that are fairly traceable to Kroll's conduct [Dkt. 24].

## 3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

No.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties have not stipulated to any facts at this time but will continue to work together to identify any facts for which stipulation may be appropriate.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

Kroll currently has a motion to compel arbitration and a motion to dismiss pending [Dkts. 23 & 24]. Those motions may narrow the scope of certain legal issues. Furthermore, the parties have discussed, and anticipate further discussing, narrowing legal issues through agreement or motion practice.

6. **Preservation of Discoverable Information**

None at this time.

7. **Disclosure and Discovery of Electronically Stored Information (ESI)**

None at this time. To the extent the parties have any discoverable information in electronic form in their possession, they will agree to identify and produce said information, if necessary, in the form in which it is ordinarily maintained or in a reasonably usable form. If a party determines a document is not accessible in its native format, then the parties agree to confer in good faith to address requests for production in an agreeable, alternative format.

8. **What are the subjects on which discovery may be needed?**

Kroll's data security practices and access controls; the SIM-swap incident and related phishing and fraud, the scope of compromised data, and notice provided to affected individuals; Plaintiffs' and class members' harms, damages, and mitigating actions; plaintiffs' history of data breaches, security practice, financial holdings and use of cryptocurrency, and any alleged facts related to class certification; and expert discovery.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Not at this time. Initial disclosures will be made in accordance with the Federal Rules of Civil Procedure.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

The Parties have not conducted any discovery. Parties will complete discovery in the phases and by the dates set out by the Agreed Scheduling Order in this action.

11. **What, if any, discovery disputes exist?**

None at this time.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

To the extent this case proceeds to discovery, the Parties anticipate seeking the entry of a protective order governing the exchange of discoverable information and contains a provision concerning Rule 502.

13. **Have the parties discussed early mediation?**

The Parties do not believe a settlement can be reached at this time. Defendant has moved to compel arbitration as to Plaintiffs John Doe 1 and Jane Doe 1, but not John Doe 2.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

To the extent this case proceeds to discovery, the Parties anticipate seeking the entry of a protective order governing the exchange of discoverable information.

AGREED: June 4, 2026.

/s/ Ashley Hoff
Ashley Hoff
Texas Bar No. 00790448
**McDermott Will & Schulte LLP**
300 Colorado Street, Suite 2200
Austin, TX 78701
Telephone: (512) 298-4664
Facsimile: (512) 532-0002
ahoff@mcdermottlaw.com

Richard Salgado
Texas Bar No. 24060548
**McDermott Will & Schulte LLP**
2801 North Harwood Street, Suite 2600
Dallas, TX 75201
Telephone: (214) 210-2797
Facsimile: (972) 232-3098
richard.salgado@mcdermottlaw.com

*Counsel for Defendant Kroll Restructuring Administration LLC*

7

/s/ *Nicholas Andrew Hall*

Nicholas Andrew Hall
State Bar No. 24069863
**HALL ATTORNEYS, P.C.**
nhall@hallattorneys.com
P.O. Box 1370
Edna, Texas 77957
+1 713 428 8967

Renner Kincaid Walker (admitted *pro hac vice*)
**HAUSFELD LLP**
33 Whitehall St.
14th Floor
New York, NY 10004
Telephone: (646) 362-3075
Facsimile: (212) 202-4322
rwalker@hausfeld.com

James J. Pizzirusso (admitted *pro hac vice*)
**HAUSFELD LLP**
1200 17th Street N.W.
Suite 600
Washington, DC 20036
Telephone: (202) 540-7154
Facsimile: (202) 540-7201
jpizzirusso@hausfeld.com

*Counsel for Plaintiffs and Putative Classes*

8

CERTIFICATE OF SERVICE

The undersigned certifies that on June 4, 2026, a true and correct copy of the foregoing document was served via the CM/ECF system, which sent notification of such filing to all counsel of record.

By: */s/ Renner K. Walker*
Renner K. Walker