IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE 1, JOHN DOE 2, and JANE DOE 1, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KROLL RESTRUCTURING ADMINISTRATION LLC, *f/k/a Prime Clerk LLC*,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:25-CV-1319-RP |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendant Kroll Restructuring Administration LLC's ("Defendant") Motion to Compel Arbitration and Stay Claims of Plaintiffs John Doe 1 and Jane Doe 1, (Dkt. 23), and Defendant's Motion to Dismiss Plaintiffs John Doe 1, John Doe 2, and Jane Doe 1's (together, "Plaintiffs") First Amended Complaint, (Dkt. 24). (R. & R., Dkt. 51). Plaintiffs timely filed objections to the report and recommendation, (Objs. 52), to which Defendant responded, (Dkt. 56), and Plaintiffs replied, with leave of the Court, (Dkt. 68). Also before the Court is Plaintiffs' Motion to Transfer Case, (Dkt. 53), and all responsive briefing, (Dkts. 58, 63).

## I. BACKGROUND

In the FTX, BlockFi, and Genesis Chapter 11 bankruptcy actions, the respective bankruptcy courts appointed Defendant as the claims and noticing agent (*see* 28 U.S.C. § 156(c)) and Administrative Advisor (*see* 11 U.S.C. § 327) for each action.[1] (First Am. Compl., Dkt. 16, at 3–4).

[1] Section 327(a) provides "the trustee, with the court's approval, may employ one or more . . . other professional persons . . . to represent or assist the trustee in carrying out the trustee's duties." 11 U.S.C. § 327(a). Section 156(c) provides "[a]ny court may utilize facilities or services, either on or off the court's

John Doe 1 and Jane Doe 1 are FTX scheduled creditors, and John Doe 2 is a BlockFi scheduled creditor. (*Id.* at 2–3).

On or about August 19, 2023, a threat actor SIM-swapped a Kroll employee's mobile number and used that vector to access customer-creditor information in Kroll's M365 cloud environment that was sealed and redacted by the bankruptcy courts. (*Id.* at 7). Independent intelligence reports contemporaneous with this security incident documented customer-creditor PII offered for sale on the dark web and fake portals engineered to mimic Kroll/estate communications. (*Id.* at 8).

As a result of that security incident, in the instant case, Plaintiffs assert claims, on behalf of themselves and those similarly situated, against Defendant for willful misconduct/recklessness (Count 1), gross negligence (Count 2), negligence (Count 3), negligent undertaking (Count 4), breach of fiduciary duty (Count 5), and breach of implied contract (Count 6). (*Id.* at 11–24). Plaintiffs seek damages and declaratory and injunctive relief. (*Id.* at 24–26).

## II. DISCUSSION

### A. Report & Recommendation

The Court turns first to the Magistrate Judge's report and recommendation, (Dkt. 51). A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C).

---

premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties . . . . [and] [t]he utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe." 28 U.S.C. § 156(c).

**1. Defendant's Motion to Dismiss**

Because Plaintiffs filed timely objections, the Court reviews the report and recommendation as to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, (Dkt. 24), *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiffs' objections and adopts the report and recommendation as its own order.

The Court notes briefly here that in their Objections, Plaintiffs request that the Court permit both arbitration-related discovery with an evidentiary hearing and that the Court certify the following question under 28 U.S.C. § 1292(b): "whether a claims-and-noticing agent appointed under 28 U.S.C. § 156(c), 'authorized and directed' by retention order to operate an electronic proof-of-claim interface, and operating under retention and bar-date orders that did not disclose or approve the agent's private Terms of Use, may form and enforce through that interface a unilateral individual-arbitration clause, class waiver, and AAA-rules delegation provision against bankruptcy creditors." (Objs., Dkt. 52, at 13, 20). The Court in its discretion declines to grant either request for the following reasons.

First, the Court finds that Plaintiffs may not seek further relief via objections to a report and recommendation. *See Andrews v. United States*, No. 4:10-CR-152(05), 2019 WL 913873, at *1 (E.D. Tex. Feb. 22, 2019) ("New claims and issues may not, however, be raised for the first time in objections to a Report and Recommendation."). Further, the Court also finds that Plaintiffs have not made a compelling case for why arbitration-related discovery is necessary in this case.

Next, as to the proposed question for certification, a district court may certify an interlocutory appeal from an order if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Interlocutory appeals are generally disfavored, and statutes

permitting them must be strictly construed." *Mae v. Hurst*, 613 Fed. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). The decision to permit such an appeal is within the district court's sound discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995). As such, the Court in its discretion finds that Plaintiffs' proposed question does not warrant a certificate of appealability. *See Casanova v. Gold's Tex. Holdings Grp., Inc.*, No. 5:13 CV-1161-DAE, 2016 WL 1446233, at *3 (W.D. Tex. Apr. 11, 2016) ("Simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.").

**2. Defendant's Motion to Compel**

In its Response to Plaintiffs' Objections, (Dkt. 56), Defendant points out that the Court referred Defendant's Motion to Compel, (Dkt. 23), to the Magistrate Judge for **disposition** pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (Text Order dated March 16, 2026). Nevertheless, the Magistrate Judge issued a report and recommendation recommending that the Court grant the Motion to Compel, (Dkt. 23). (R. & R., Dkt. 51). Defendant is correct that the Court may only set aside a non-dispositive referral—as was the case here—if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court has reviewed the portion of the Magistrate Judge's report and recommendation concerning Defendant's Motion to Compel, (Dkt. 23), under the clearly erroneous standard and in

doing so overrules Plaintiffs' objections and affirms that the Motion to Compel, (Dkt. 23), has been granted. *See Adams v. Energy Transfer Partners*, No. 2:16-CV-400, 2017 WL 2347425, at *1 (S.D. Tex. May 30, 2017) (in reviewing a magistrate judge's report and recommendation concerning a motion to compel arbitration under the clearly erroneous or contrary to law standard of review, finding that it "need not apply the more stringent review merely because the [m]agistrate [j]udge issued a recommendation" because "[t]he proper standard of review is determined by the nature of the matter considered"); *Tige Boats, Inc. v. Interplastic Corp.*, No. 1:15-CV-0114-P-BL, 2015 WL 9268423, at *3 (N.D. Tex. Dec. 21, 2015) ("The district court, however, is not required to apply the more stringent review merely because the magistrate judge has issued a recommendation. The proper standard of review instead results from the nature of the matter considered.") (citing *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 794-96 (S.D. W. Va. 2004) (recognizing that despite the magistrate judge's issued findings and recommendation, the proper review is for clear error under Rule 72(a))).

**B. Plaintiffs' Motion to Transfer**

The Court then turns to Plaintiffs' Motion to Transfer, (Dkt. 53), and all responsive briefing, (Dkts. 58, 63).[2] Because Plaintiffs have not shown good cause for transfer, the Court finds that Plaintiffs' Motion to Transfer should be denied. The Court also concludes that Plaintiffs' alternative request to dismiss their case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) would prejudice Defendant; therefore, Plaintiffs' alternative request should be denied as well.

**1. Legal Standard**

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

[2] Because the Court adopts in this order the Magistrate Judge's recommendation to dismiss Plaintiff John Doe 2's claims, Plaintiffs' Motion to Transfer is moot as to John Doe 2 because the Court cannot both dismiss those claims and transfer them. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 463 (5th Cir. 2013).

have been brought." 28 U.S.C. § 1404(a). As such, "[t]he threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *Volkswagen AG,* 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

The party seeking transfer must show "good cause," which entails "clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). And although this standard is meant to "give some weight to the plaintiffs' choice of forum," *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013), where the plaintiff moves to transfer, he or she "must show that circumstances have changed since the filing of suit." *Interamerican Quality Foods, Inc. v. Parrot Ice Drink Prods. of Am., Ltd.*, No. CIVA SA09-CV-473 XR, 2010 WL 376407, at *1 (W.D. Tex. Jan. 25, 2010).

**2. Discussion**

Defendant does not contest that this action could have been brought in the Southern District of New York, (*see generally* Resp. to Mot. Transfer, Dkt. 58); therefore, the Court finds that this threshold question in the § 1404(a) transfer analysis is not in dispute. *Volkswagen I*, 371 F.3d at 203. Accordingly, turning to the private and public-interest factors, the Court finds that neither set of factors favors transfer.

Plaintiffs filed the instant action in this Court on August 19, 2025. (Compl., Dkt. 1). Plaintiffs largely base their Motion to Transfer—filed nearly one year after the commencement of this litigation—on the existence of two cases in the United States District Court for the Southern District of New York arising from the same August 2023 security incident at Kroll. (Mot. Transfer, Dkt. 53, at 1–2). Defendant opposes transfer, arguing that Plaintiffs have not shown changed circumstances, that the timing of the motion weighs against transfer, and that the private- and public-interest factors likewise weigh against transfer. (Resp. to Mot. Transfer, Dkt. 58, at 5–10).

One of the cases Plaintiff relies on—*John Doe 1 & John Doe 2 v. Kroll Restructuring Administration LLC*, No. 1:26-cv-06710 (S.D.N.Y.)—was filed by Plaintiffs' own counsel on August 5, 2026, i.e., fourteen days after the Magistrate Judge issued the report and recommendation partially at issue in this order, and the day upon which Platiniffs' objections to that report and recommendation were due. That case is brought by different scheduled creditors in the FTX and BlockFi bankruptcy actions. (Mot. Transfer, Dkt. 53, at 1). The other case in the Southern District of New York—*Doe v. Kroll Restructuring Administration LLC*, No. 1:26-cv-02363-JPC (S.D.N.Y.)—arises from the same security incident at Kroll but is brought by a single creditor in the Genesis bankruptcy action and is not a class action. (*Id.* at 1–2; Resp. to Mot. Transfer, Dkt. 58, at 3–4). That case was filed on March 23, 2026. (Mot. Transfer, Dkt. 53, at 2).

Despite the potential efficiencies of one court managing and deciding common issues between highly similar cases, the Court does not find the existence of these later-filed cases to mandate or even warrant that the instant action be transferred to the Southern District of New York. Plaintiffs chose to file this case—the first-filed case of the three cases at issue—here, in the Austin Division of the Western District of Texas. And, Plaintiffs have multiple times now asserted that this Court both is the proper venue for this action and that this Court has subject matter jurisdiction over Plaintiffs' claims. (*See* Compl., Dkt. 1; Am. Compl., Dkt. 16; Pls.' Brief Addressing Subject Matter Jurisdiction, Dkt. 48). Further, Plaintiffs are not seeking transfer to the district where their bankruptcies are administered[3]—which might have been a reasonable request—rather, the timeline of events in this case suggest they seek transfer away from this District, in which they face an adverse ruling from the Magistrate Judge's report and recommendation. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022) (affirming district court's denial of transfer where the petitioners had waited to seek transfer until after the district court denied their motion to dismiss and motion for reconsideration because "it would emphatically not serve the interest of justice to allow him to take a second bite at the apple in Florida, just after learning he would lose in Mississippi") (citing *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 (5th Cir. 2017)).

The circumstances of this case have changed in the sense that there are now two purportedly related cases pending in the Southern District of New York, but one of those cases was the result of Plaintiffs' counsel own doing. *See Doe v. Salesforce, Inc.*, No. 3:23-CV-0915-B, 2023 WL 5439226, at *3 (N.D. Tex. Aug. 23, 2023) (in denying plaintiffs' motion to transfer, finding that potential efficiencies gained from a transfer, given the cases pending in the Southern District involve nearly

[3] The FTX bankruptcy action is in the Delaware Bankruptcy Court, and the BlockFi bankruptcy action is in the New Jersey Bankruptcy Court.

identical issues, unpersuasive given that the plaintiffs "caused the inefficiencies they now complain of by filing their cases in the Northern District"). Therefore, the Court finds Plaintiffs' reliance on the existence of those cases unconvincing to support their burden to show good cause for transfer.

Further, given that Plaintiffs reside in Texas, whether sources of proof and Defendant's witnesses and custodians are centered in or controlled from New York is immaterial given that Plaintiffs presumably were aware of those facts before filing suit in this District. *See Cormier v. Island Operating Co. of Texas*, No. CV H-14-3467, 2015 WL 13649827, at *3 (S.D. Tex. June 25, 2015) ("Courts will generally not transfer when the original forum chosen by the plaintiff is no longer acceptable for reasons that the plaintiff could have learned before filing suit, but did not because the plaintiff lacked diligence."). For all of these reasons, the Court finds that Plaintiffs' Motion to Transfer, (Dkt. 53), should be denied.

Finally, the Court also denies Plaintiffs' request for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Mot. Transfer, Dkt. 53, at 8). A trial court should deny a motion for voluntary dismissal without prejudice if granting it would cause the defendant to "suffer some cognizable prejudice greater than the mere prospect of a second lawsuit." *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.,* 903 F.2d 352, 360 (5th Cir. 1990)). "When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Id.* (citations omitted). Here, Plaintiffs seek to dismiss their case after approximately a year of litigation in which Defendants have filed two rounds of dispositive motions briefing already. And, exactly as in *Davis v. Huskipower*, "[Plaintiffs] filed their motion [for voluntary dismissal without prejudice] after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position." *Id.* For these reasons, the Court concludes that Defendant will suffer cognizable prejudice if the Court allows Plaintiffs to

voluntarily dismiss their claims without prejudice. Therefore, the Court will not permit Plaintiffs to voluntarily dismiss their claims against Defendant in the instant action.

## III. CONCLUSION

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 51), is **ADOPTED** with modification.

**IT IS FURTHER ORDERED** that, for the purposes of clarifying the record in this case,[4] Defendant's Motion to Compel Arbitration and Stay Claims of Plaintiffs John Doe 1 and Jane Doe 1, (Dkt. 23), is **GRANTED**, such that Plaintiffs John Doe 1 and Jane Doe 1's claims are **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint as to John Doe 2's Claims, (Dkt. 24), is **GRANTED**. John Doe 2's claims are **DISMISSED WITHOUT PREJUDICE**.[5]

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Transfer, (Dkt. 53), is **DENIED**.

**SIGNED** on September 9, 2026.



ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

[4] *See* Section II.A.2, *supra*.

[5] The Magistrate Judge recommends that the Court dismiss Plaintiff John Doe 2's claims with prejudice because "Doe 2 has offered no suggestion of how he could replead his claims to cure the deficiencies." (R. & R., Dkt. 51, at 20). However, in light of the liberal amendment standard under Federal Rule of Civil Procedure 15(a), the Court will modify the Magistrate Judge's recommendation and dismiss Doe 2's claims without prejudice. *See Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) ("[Rule] 15(a) requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.") (citation and internal quotation marks omitted). The Court will consider John Doe 2's Motion for Leave to File Second Amended Complaint, (Dkt. 54), and the responsive briefing in a subsequent order.